IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL R. RAY,                 ) | C/A No. 4:07-1705-TLW-TER |
|                                 ) | |
|     Petitioner,     ) | |
|                                 ) | |
| vs.                             ) | |
|                                 ) | REPORT AND RECOMMENDATION |
| WARDEN OF FCI-ESTILL,           ) | |
|                                 ) | |
|     Respondent.     ) | |
|                                 ) | |

Petitioner, Michael R. Ray ("petitioner/Ray"), a pro se prisoner, seeks habeas relief pursuant to 28 U.S.C. 2241.[1] This matter is before the Court on the respondent's motion to dismiss, or alternatively, for summary judgment. (Docket Entry # 14.)[2]

Petitioner filed this petition for a writ of habeas corpus on June 19, 2007. On August 17, 2007, respondent filed a motion for summary judgment, along with supporting memorandum and exhibits. The undersigned issued an order filed August 28, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On August 30, 2007, petitioner filed a response to respondent's motion for summary judgment.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] As matters outside of the pleadings were presented, the undersigned will treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b).

## I. FACTS/PROCEDURAL HISTORY

Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Estill. On October 24, 2005, the Atlantic County Sheriff lodged a detainer against petitioner with the BOP for pending state charges in New Jersey. (Resp't's Mem. Supp. Summ. J. Mot. Ex. 3.) On October 25, 2005, the BOP notified petitioner of the detainer and his right to request disposition of the charges. (*Id.* Ex. 4.) Petitioner was advised that if he elected not to request disposition of the charges, the prosecuting officer in the jurisdiction of the indictment could institute proceedings at any time. (*Id.*) Petitioner was also advised how to appeal a decision by the prosecuting officer to initiate proceedings. (*Id.*) Petitioner did not request disposition of the untried charges. (*Id.*)

On March 22, 2006, FCI- Estill staff received a request for temporary custody from the New Jersey prosecuting officer. (*Id.* at Ex. 5.) Petitioner was given a copy of this notice on the same day it was received at FCI Estill. (*Id.*). The following day, petitioner wrote to Warden Hamidullah, asking him to deny New Jersey's request for temporary custody. (Resp't's Mem. Supp. Summ. J. Mot. Ex. 6.) He also submitted a request asking for a Cuyler[3] hearing if the Warden decided to accommodate the prosecutor's request. (*Id.* Ex. 7.) Petitioner filed an appeal with the United States District Court for the District of South Carolina asking for an emergency stay to stop his transfer.

On April 25, 2006, Warden Hamidullah responded to petitioner's request and denied his request to decline to transfer him to New Jersey. (*Id.* Ex. 8.) Petitioner was sent to New Jersey, where he pleaded guilty to bail-jumping and theft by deception. (*Id.* Ex. 9 at 2 - 4.) On July 21, 2006, he was sentenced to 18 months to run consecutively to his federal sentence, and ordered to pay

---

[3]Cuyler v. Adams, 449 U.S. 433 (1981).

2

$6500 in restitution and $310 in fines and fees. (*Id*.). Copies of these judgments were provided to the BOP on September 14, 2006, along with a request from the New Jersey Department of Corrections ("DOC") to lodge a detainer and that detainer was lodged as requested. (*Id*. Ex. 1.)

Petitioner was returned to FCI- Estill on September 26, 2006. Subsequently, he submitted requests to have the BOP designate the New Jersey DOC as his official place of imprisonment. After review of the factors set out in 18 U.S.C. §3621(b), the BOP denied the request, in large part because the sentencing judge in New Jersey specifically directed the two state terms to run concurrently to the federal term. Petitioner also requested placement in a residential drug abuse treatment program (RDAP) and residential re-entry center (RRC) for the last 10% of his federal sentence. These requests were denied based on the detainer which was placed on petitioner as a result of his New Jersey convictions.

## II. PETITIONER'S GROUND FOR RELIEF

This case centers on petitioner's contention that the BOP violated his constitutional rights by denying him a hearing prior to his transfer to New Jersey pursuant to the IAD Act. In essence, he asserts that the BOP's failure to provide him with a pre-transfer hearing renders his New Jersey convictions illegal and requires that the current detainer be lifted. In his petition for habeas, petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** On April 25, 2006, the Federal Bureau of Prisons violated my constitutional rights (Art. I, § 10, cl. 3) when they effected my illegal transfer to the State of New Jersey under the Interstate Agreement on Detainers Act ("IAD") 18 U.S.C. Appendix.
>
> **Ground Two:** On October 17, 2006, the Petitioner complained to federal prison authorities that because the New Jersey detainer against him was illegal, if they were to keep the detainer in place and hold this against the Petitioner, they would effectively transfer the Petitioner to the State of New Jersey - - effective on April 14,

3

>2007 versus April 14, 2008 due to the fact that the BOP created the illegal detainer when they allowed Petitioners' transfer to New Jersey. As such, the BOP would have needed to cede custody of the Petitioner to New Jersey to allow him to commence his sentence there - - on which he will serve at least one year, to max out the New Jersey sentence.
>
>**Ground Three:** On January 19, 2007, the Petitioner complained to the federal prison authorities that due to his illegal New Jersey detainer, he was being denied RRC placement, for a t least 10% (six months) of his federal sentence.
>
>**Ground Four:** When I was sentenced in federal court, the Hon. Terry L. Wooten made a "judicial recommendation" to the BOP that I be "evaluated for drug abuse programs". As a result, I was evaluated by RDAP Cooridinator J. Enoch, who determined at that time that I was both eligible for participation in RDAP, and that if/when the New Jersey detainer was resolved favorably (i.e. disposed of), that I would be fully eligible for credit of up to one year off my instant federal sentence. Due to the illegal New Jersey detainer, I was deemed ineligible to participate in RRC - - thereby rendering me ineligible to receive the one year reduction in my federal sentence.

(Pet. 4-8.) He is seeking an order declaring his New Jersey sentence illegal and his immediate release. (Pet. 8.) Alternatively, he is seeking an order declaring the detainer illegal and ordering that he be transferred to the State of New Jersey to begin serving his state sentence. (*Id.*)

Petitioner has filed several actions challenging his transfer to New Jersey pursuant to the IAD: Ray v. Hamidullah, C/A No. 4:06-1201 (D.S.C. 2006); Ray v. State of New Jersey, C/A No. 4:06-1178 (D.S.C. 2006);[4] United States v. Ray, C/A No. 4:02-0687 (D.S.C. 2002); Ray v. Simon, C/A No. 4:07-01143 (D.S.C. 2007); Ray v. Merline, C/A No.1:06-3040 (D.N.J. 2006); and Ray v. State of New Jersey, Docket No. 06-1521 (3d Cir. 2006).

---

[4]Recently, the Fourth Circuit affirmed the district court's decision in Ray v. Hamidullah and Ray v. New Jersey, Op. 07-7121 (4th Cir. filed Jan. 25, 2008).

### III.  SUMMARY JUDGMENT

As stated above, on August 17, 2007, the respondent filed a memorandum of law in support of their motion for summary judgment and petitioner filed a response in opposition on August 30, 2007.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See* Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  *See* Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

5

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## VI. MERITS

All four grounds which petitioner raises in this habeas petition center on petitioner's contention that the BOP violated his constitutional rights by denying him a pre-transfer Cuyler hearing under the IAD Act prior ro his transfer to New Jersey. In essence, he asserts that this failure rendered his New Jersey convictions illegal and invalid and require that the current detainer be lifted. The undersigned disagrees.

First, the detainer which is currently in place is based upon petitioner's New Jersey convictions. (Resp't's Mem. Supp. Summ. J. Mot. Ex. 9.) It is separate from the detainer which was lodged under the IAD Act for the then pending New Jersey charges.[5] (*Id.* Ex. 3.) Any irregularities involved with the first detainer under the IAD Act are now moot. *See* Carney v. Clark, 172 F.3d 52 (7th Cir.1999) (holding "An IADA claim becomes moot when the detainer is executed and the prisoner is extradited"); Kearns v. Turner, 837 F.2d 336 (8th Cir.1988) (holding habeas petition seeking to enjoin transfer under IAD is no longer a live controversy after petitioner has been transferred and sentenced). Whether petitioner was entitled to a pre-transfer hearing is of

---

[5]Although the IAD Act does not define the word "detainer," the legislative history of the IAD Act states that "[a] detainer is a notification filed with the institution in which a prisoner is serving a sentence advising that he is wanted to face pending criminal charges in another jurisdiction." H.R.Rep. No. 91-1018, S.Rep. No. 91-1356, 91st Cong., 2d Sess. 3, reprinted in 1970 U.S.Code Cong. & Ad.News 4864, 4865.

no consequence now and the denial of a pre-transfer hearing does not entitle petitioner the relief he seeks - which is ultimately a determination that his New Jersey conviction is invalid.[6]

Second, a violation of the IAD Act is generally not cognizable in a habeas petition absent a fundamental defect. In one of petitioner's prior cases, Ray v. Hamidullah, 2007 WL 465440 *3 n. 6 (D.S.C. 2007), the petitioner challenged the failure of the BOP to provide him with a Cuyler pre-transfer hearing. While the action was pending, petitioner was transferred. Finding the action moot because the petitioner had at that time been transferred, United States District Court Judge Harwell stated in dicta:

> Not only are Petitioner's IAD claims moot, but courts have held that a procedurally defective extradition proceeding normally does not amount to a fundamental defect entitling a prisoner to collateral relief from his conviction. See Huntt v. Russell, 285 F.Supp. 765, 767 (E.D.Pa.1968), aff'd, 406 F.2d 774 (3d Cir .1969) (per curiam); Weddell v. Meierhenry, 636 F.2d 211, 214-15 (8th Cir.1980); Houston v. Lane, 501 F.Supp. 5, 6 (E.D.Tenn.1978), aff'd, 636 F.2d 1217 (6th Cir.1980); Barton v. Malley, 626 F.2d 151, 160 (10th Cir.1980). Additionally, in Shack v. Attorney General of State of Pennsylvania, the Third Circuit Court of Appeals held that the failure of the sending jurisdiction to provide the prisoner with a "pretransfer" hearing did not amount to a fundamental defect noting that "Congress has not legislatively rendered the failure to provide a pre-transfer hearing a fundamental defect." Shack, 776 F.2d 1170, 1173 (3d Cir.1985).

While this may have been dicta in that case, the law and reasoning are sound and applicable to the issues raised in this action. In Shack, the Third Circuit held that violation of IAD Article IV's pre-transfer hearing provision was not sufficient to allow the extraordinary sanction of a collateral attack on an otherwise valid criminal conviction. See also United States v. Walker, 255 F.3d 540,

---

[6]The current detainer which has been placed on petitioner is for his New Jersey convictions and he has not alleged any infirmities with the New Jersey proceedings which resulted in these convictions.

7

542 (8th Cir. 2001) (holding dismissal of an indictment is not an appropriate remedy for violations of IAD).[7] Likewise, here, petitioner's transfer to New Jersey allegedly in violation of IAD for failure to hold pre-transfer hearing is not a sufficiently fundamental defect to warrant any habeas relief. *See* Remeta v. Singletary, 85 F.3d 513, 518-19 (11th Cir.1996) (sending states' alleged denial of a pre-transfer hearing did not deprive receiving state of jurisdiction to try petitioner for murder).[8] Accordingly, this petition should be dismissed with prejudice.

## VII. CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (docket entry #14) be GRANTED and petitioner's petition for Writ of Habeas Corpus should be denied, and the petition dismissed with prejudice and without an evidentiary hearing. Further, all other pending motions in this case should be DENIED as moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 4 , 2008
Florence, South Carolina
**The parties' attention is directed to the important notice on the next page.**

---

[7] The First, Second, and Sixth Circuits preclude federal habeas review for IAD violations altogether. *See* Fasano v. Hall, 615 F.2d 555, 558 (1st Cir.1980) (holding violations of IAD are not "fundamental defects" indicating a "miscarriage of justice" so as to be cognizable in federal habeas proceeding); Reilly v. Warden, FCI Petersburg, 947 F.2d 43, 44 (2nd Cir.1991) (holding violation of IAD not basis for federal habeas relief); Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988) (holding violation of IAD does not give rise to federal habeas relief).

[8] Because an IAD violation does not entitle petitioner to habeas relief, a determination of whether petitioner was entitled to a pre-transfer hearing under Cuyler in the first place is not necessary.

8

9